IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:15-cr-00312-AN-1 |
| v. | |
| JAMES MICHAEL BOWIE, | OPINION AND ORDER |
| Defendant. | |

Defendant James Michael Bowie moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). This general rule, however, is subject to several exceptions. *See id.*; *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One such exception is found in 18 U.S.C. § 3582(c)(2), which states:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Ninth Circuit has established a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879-80 (9th Cir. 2017) (citations omitted). First, the "court must determine whether [the defendant] is eligible for a sentence reduction under the [Sentencing] Commission's policy statement in [U.S. Sentencing Guidelines ("U.S.S.G.")] § 1B1.10." *Id.* at 880. Second, if the defendant is eligible for a sentence reduction, the "court

1

must 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## BACKGROUND

A federal grand jury charged defendant with Felon in Possession of a Firearm and Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), and two counts of Tampering with a Witness, Victim or Informant in violation of 18 U.S.C. § 1512(b)(1), (3). Superseding Indictment, ECF [26], at 1-3. On April 11, 2016, defendant pleaded guilty to the two counts of felon in possession and one count of witness tampering. Plea Pet., ECF [47], at 2.

At the time of his sentencing, defendant had a total offense level of twenty-five and a Criminal History Category IV based on five criminal history points and two additional status points. Gov't Resp., ECF [111], at 5 (citing Statement of Reasons, ECF [77], at 1; Presentence Investigation Report ("PSR"), ECF [66], ¶¶ 48-50). This placed defendant in a sentencing guideline range of eighty-four to 105 months of imprisonment. *See* Def. Mot. for Sentence Reduction ("Def. Mot."), ECF [109], at 1-2. On December 1, 2016, defendant was sentenced to ninety-six months of imprisonment, with credit for eleven months of time served that the Oregon Bureau of Prisons would not have credited otherwise, followed by three years of supervised release. J. & Commitment, ECF [76], at 2-3.

Following defendant's sentencing in his federal case, he was subsequently convicted on three state charges and sentenced to seventy months of imprisonment. *See* Gov't Resp. Ex. A. He was sentenced concurrent on all state charges and concurrent with his federal case, with the recommendation that the state time be served in federal custody. *See id.* Defendant's current release date is November 10, 2027. Def. Mot. 1.

## DISCUSSION

**A.     Eligibility**

On November 1, 2023, the Sentencing Commission amended the Guidelines via Amendment 821. Sent'g Guidelines for U.S. Cts., 88 Fed. Reg. 28254, 28254 (May 3, 2023). Part A of Amendment 821, which decreases the number of status points received by individuals who committed their offense while under a criminal justice sentence, applies retroactively. U.S.S.G. §§ 1B1.10(d); 4A1.1(e).

Defendant moves to reduce his sentence based on Part A of Amendment 821, which altered U.S.S.G. § 4A1.1(d). U.S.S.G. § 4A1.1 governs the calculation of an offender's criminal history points to determine their criminal history category. Former subsection (d), now subsection (e), governs the criminal history points applied to offenders who committed the instant offense while under a criminal justice sentence, also known as "status points." Under the former version of U.S.S.G. § 4A1.1, criminal history points were assessed based on the following:

> "(a)   Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b)   Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c)   Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d)   Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
> (e)   Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection."

U.S.S.G. § 4A1.1 (2018). Under the amended version of U.S.S.G. § 4A1.1, criminal history points are assessed based on the following:

> "(a)   Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b)   Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c)   Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d)   Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this

3

        subsection.
- (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S.S.G. § 4A1.1 (2023). In sum, Part A of Amendment 821 modifies the application of status points by (1) limiting their application to offenders who receive seven or more points under subsections (a) through (d), and (2) reducing the points applied from two points to one point.

      Defendant argues that if the amendment is applied to him, his Criminal History Category would change from IV to III, thereby reducing the applicable guideline range to seventy to eighty-seven months. The government does not dispute that defendant is eligible for a reduction but argues that a reduction is not warranted in light of the section 3553(a) factors and the circumstances of this case.

      Defendant had five criminal history points based on three scored convictions and received two additional status points for committing the offense while on probation or supervision for two prior convictions. Therefore, he had a total of seven criminal history points at sentencing, placing him in Criminal History Category IV. If defendant had been sentenced under amended U.S.S.G. § 4A1.1, he would not have received any status points, lowering his criminal history points to five and placing him in Criminal History Category III. This would have placed defendant in a sentencing guideline range of seventy to eighty-seven months of imprisonment. Because Part A of Amendment 821 is applicable to defendant, the Court finds that defendant is eligible for a sentence reduction.

**B.     18 U.S.C. § 3553(a) Factors**

      Because defendant is eligible for a sentence reduction, the Court must next consider any applicable 18 U.S.C. § 3553(a) factors and determine whether a reduction is warranted under the circumstances in this case. *Brito*, 868 F.3d at 880. The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

4

*United States v. Wright*, 46 F.4th 938, 945 n.4 (9th Cir. 2022) (citing 18 U.S.C. § 3553(a)).

Defendant seeks to reduce his sentence to seventy months but does not make any specific arguments as to the 18 U.S.C. § 3553(a) factors or the particular circumstances of this case. Defendant argues that a Commission decision to make a sentencing guideline retroactive "often reflect[s] an institutional or societal judgment that the prior sentencing framework was likely to lead to a sentence 'greater than necessary' to achieve the goals of federal sentencing." Def. Mot. 10 (citations omitted). Defendant appears to suggest that because the Commission has made a guideline amendment, a sentence reduction is therefore warranted. Defendant further argues that although "[a]ll disciplinary infractions are unacceptable[,]" his disciplinary infractions while incarcerated "were relatively minor and all were appropriately resolved by the institution." Def. Reply Supp. Mot. for Sentence Reduction, ECF [112], at 3.

The government argues that the policy behind the amendment is not a factor for the discretionary analysis, but even if it was, it does not overcome the sound reasons for the sentence imposed. The government argues that defendant's original sentence still falls within the amended range and that the Commission's empirical findings relating to the amendment do not contemplate the circumstances in this case, where defendant was under a criminal justice sentence for two separate prior convictions and where he had also committed prior state offenses while under other criminal justice sentences. The government also argues that defendant has since been convicted of state offenses that were pending at the time of his sentencing, which would have added three more criminal history points and kept defendant in Criminal History Category IV even without status points. Finally, the government argues that defendant's post-sentencing custodial disciplinary record shows the continued need for his sentence to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public.

Defendant appears to conflate the argument that he is eligible for a sentence reduction under the amendment with the argument that a sentence reduction is warranted. Although intervening developments, such as changes in the sentencing guidelines, "are relevant . . . to the 'nature and circumstances of the offense,' the 'seriousness of the offense,' [and] the needs 'to provide just punishment

5

for the offense,' and 'to afford adequate deterrence to criminal conduct[,]'" a district court must "consider the 'totality of the circumstances'" in determining whether a sentence reduction is warranted. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 967-68 (9th Cir. 2021) (quoting 18 U.S.C. § 3553(a)(1), (2)(A)-(B); *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013)).

Each of the section 3553(a) factors previously discussed by the Court remain relevant and counsel against granting the sentence reduction that defendant seeks. The nature and circumstances of defendant's offenses are serious. Defendant has a significant criminal history[1] and a history of violations while incarcerated[2] or on probation or supervised release[3] for prior convictions. In addition, defendant's post-sentencing conduct, including multiple incidents of weapons possession or violence and apparent attempts to manipulate other individuals, *see* Gov't Resp. Ex. B (indicating defendant's custodial disciplinary record), "'has done nothing to alleviate the Court's concern' that he is a danger to the community[,]" *United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010). Accordingly, the Court finds that a sentence reduction is not warranted.

---

[1] Defendant has prior convictions for Interfering with Public Transportation, Criminal Trespass in the Second Degree, Carrying a Concealed Weapon, Delivery of Cocaine Within 1,000 Feet of School, Tampering with a Witness, and Unlawful Use of a Weapon. Gov't Resp. 3-4. Following defendant's sentencing in this case, he was convicted of Assault in the Second Degree–Domestic Violence, Unlawful Use of a Weapon–Domestic Violence, and Coercion–Domestic Violence. *Id.* at 4 & Ex. A.

[2] While incarcerated for the prior witness tampering and unlawful use of a weapon convictions, defendant had approximately twenty-four major rule violations, including for contraband and drug possession, disrespect, and disobedience. Gov't Resp. 4.

[3] For example, defendant committed the offenses in this case while on probation for the cocaine delivery conviction and on supervised release for the witness tampering and unlawful use of a weapon convictions. Gov't Resp. 5.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2), ECF [109], is DENIED.

IT IS SO ORDERED.

DATED this 25th day of April, 2025.

_____
Adrienne Nelson
United States District Judge