IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES MICHAEL BOWIE,<br><br>Defendant. | Case No.: 3:15-cr-00312-AN-1<br><br>OPINION AND ORDER |

Defendant James Michael Bowie moves for reconsideration of the Court's denial of his motion for sentence reduction. The government opposes the motion. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, the Ninth Circuit has held that motions for reconsideration may be filed in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (citations omitted) ("[P]ost-judgment motions for reconsideration may be filed in criminal cases."). In ruling on motions for reconsideration in criminal cases, courts rely on the standards governing Federal Rules of Civil Procedure 59(e) and 60(b). *United States v. Arcila*, No. 3:14-cr-00267-HZ-3, 2024 WL 2048643, at *1 (D. Or. May 6, 2024) (citation omitted).

Reconsideration of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A court should reconsider its earlier decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "Reconsideration motions

may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022) (citing *Kona Enters.*, 229 F.3d at 890). Ultimately, whether to grant or deny a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## BACKGROUND

On November 12, 2024, defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mot. for Sentence Reduction, ECF [109]. On April 25, 2025, the Court issued an opinion and order denying the motion. Op. & Order of April 25, 2025, ECF [113]. On May 27, 2025, defendant moved for reconsideration. Mot. for Recons., ECF [114].

## DISCUSSION

Defendant argues for reconsideration on the ground that that the Court did not take into account his "post sentencing rehabilitative efforts," including his participation in "[e]vidence-based recidivism reduction program[m]ing[.]" *Id.* at 2, 8-10 (internal quotation marks omitted). Defendant attaches several documents indicating his completion of various programming and time credits earned pursuant to the First Step Act. *See id.* at 13, 15-22.

In denying defendant's motion for sentence reduction, the Court considered the arguments that the parties raised, including those related to defendant's post-sentencing conduct. *See* Op. & Order of April 25, 2025, at 6. Specifically, the Court considered defendant's custodial disciplinary record. *See id.* Defendant's motion for sentence reduction asked the Court to consider "the fullest information possible[,]" including "post-sentencing and post-offense rehabilitation." Mot. for Sentence Reduction 9. However, in that previous motion, defendant never provided any supporting information regarding the nature of programs he had engaged in or the classes he had completed. Defendant now attaches documents to the instant motion that provide more information, but these documents are not "newly discovered evidence,"

as they reflect programming that defendant completed prior to filing his motion for sentence reduction. The Court did not err by not considering information never provided to it.

The Court commends defendant for his rehabilitative efforts. However, the length of the sentence as set reflects the seriousness of the offense and defendant's criminal history. Taking the totality of the circumstances together, the Court finds no basis to reconsider defendant's motion for sentence reduction.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration, ECF [114], is DENIED.

IT IS SO ORDERED.

DATED this 29th day of August, 2025.

_____
Adrienne Nelson
United States District Judge